**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**ROSE HOLDINGS, LLC d/b/a**
**ACE AGGREGATES,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 2:26-CV-8**
**(KLEEH)**

**JAMES RIVER EQUIPMENT VIRGINIA LLC,**
**JAMES RIVER EQUIPMENT, INC.,**
**JRE WINCHESTER, LLC,**
**JRE HOLDINGS, INC., and**
**JOHN DOES 1-4,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS [ECF NO. 4]**

Pending before the Court is *James River Equipment Virginia, LLC's Partial Motion to Dismiss* [ECF No. 4]. For the reasons discussed herein, Defendant's motion to dismiss is **DENIED.** The parties may move for summary judgment following the completion of discovery.

## I. PROCEDURAL HISTORY

Defendant James River Equipment Virginia, LLC ("Defendant") removed this case from the Circuit Court of Tucker County, Civil Action No. CC-47-2026-C-1, on February 9, 2026. ECF No. 1. Defendant then filed the subject *Defendant James River Equipment Virginia, LLC's Partial Motion to Dismiss* [ECF No. 4] on February 17, 2026, requesting dismissal of Counts One and Three. Plaintiff

Rose Holdings, LLC d/b/a Ace Aggregates ("Plaintiff") filed its response opposing Defendant's Motion on March 3, 2026. ECF No. 8. On March 10, 2026, Defendant replied in support of its motion to dismiss. ECF No. 10. On March 31, 2026, the Court entered its *Scheduling Order* [ECF No. 14], directing the parties to engage in discovery.

## II. BACKGROUND

Plaintiff Rose Holdings, LLC d/b/a/ Ace Aggregates operates a limestone quarry operation in Tucker County, West Virgina. Compl., ECF No. 1 at ¶11. Defendant is in the business of, among other things, selling heavy equipment and material processing equipment including equipment used in the operation of a limestone quarry. Id. at ¶12. On or about December 2, 2024, Plaintiff contacted Defendant and requested a quote to upgrade a rock crusher used in Plaintiff's limestone quarry operation. Id. at ¶13. Plaintiff and Defendant had conducted business together on other occasions before this. Id. at ¶15.

In its Complaint, Plaintiff alleges that Defendant provided a quote for the purchase of a new rock crusher, and, after several modifications to the quote, which were based upon Defendant's recommendation, Plaintiff purchased a Superior Portable Sentry SR5165 Front Discharge Portable Plant ("Portable Plant"). Id. at ¶16. Plaintiff claims it relied upon Defendant's knowledge about

Plaintiff's limestone quarry operations and Defendant's expertise in heavy equipment and material processing equipment to select this rock crusher. Id. at ¶18.

After purchasing the Portable Plant, it repeatedly malfunctioned, suffered catastrophic failures and required multiple repairs. Id. at ¶20. Plaintiff later found out that the Portable Plant was a cement crusher and not capable of crushing limestone. Id. at ¶21. Plaintiff contacted Defendant regarding the issues wherein Plaintiff alleges Defendant admitted the Portable Plant was the wrong type of crusher and not suitable for Plaintiff's use in the operation of a limestone quarry. Id. at ¶22.

Based on these facts, Plaintiff's Complaint asserts the following causes of action against Defendant:

(1) Breach of Warranty of Fitness for a Particular Purpose (Count One);

(2) Breach of Contract (Count Two);

(3) Breach of Express and Implied Warranties (Count Three); and

(4) Detrimental Reliance/Equitable Estoppel (Count Four).

Id. at pp. 5-9. Plaintiff seeks an array of damages for these claims. Id. at p. 10.

## III. STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts

which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

When a defendant moves to dismiss under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the "documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (citing E.I. du Pont de Nemours & Co., 637 F.3d at 448). "This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." Id. Courts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment only if the documents are "integral to and explicitly relied on in the complaint," and "the plaintiffs do not challenge [the documents'] authenticity." Zak, 780 F.3d at 606-07; see also Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

## IV. DISCUSSION

Defendant moves to dismiss Count One (Breach of Warranty of Fitness for a Particular Purpose) and Count Three (Breach of

Express and Implied Warranties) of Plaintiff's Complaint for failure to state a claim. For the reasons discussed below, the Court **DENIES** the motion to dismiss with respect to Counts One and Three.

**A. Dismissal pursuant to Rule 12(b)(6) is not appropriate because Plaintiff has plausibly pled its causes of action.**

Defendant argues that Counts One and Three of the Complaint should be dismissed because Plaintiff waived and disclaimed any warranties relating to the suitability of the equipment for an intended purpose by executing a separate agreement on February 19, 2025. ECF No. 4. Specifically, Defendant points to express waiver language contained therein that states Plaintiff "represent[s], warrant[s] and covenant[s]" that "the Equipment was selected by you," "the Equipment has been examined by you," and critically, "the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use." Id. Defendant attaches to its Motion the Loan Contract-Security Agreement entered into between the Plaintiff and John Deere Construction & Forestry Company (the "Loan Contract"). Id. at Ex. A. Defendant asserts that any of the warranties at issue can be excluded or modified when in writing and conspicuous, and the Loan Contract integral to Plaintiff's Complaint (which Plaintiff did not attach or reference in its Complaint) defeats the breach of warranty claims. ECF No.

4 at p. 8. In making this argument, Defendant relies heavily on its own submitted facts, which include a separate agreement entered between the Plaintiff and a third party (to which Defendant is not a party). Defendant argues that the Loan Contract should be considered at this stage because it is implicitly referenced in the Complaint through the allegations regarding the purchase of the equipment. Id. at n.1. The Court finds this insufficient and will not consider documents attached to Defendant's Motion unless this Court finds any such document to be integral and explicitly relied upon in Plaintiff's Complaint[1]. Here, the Loan Contract, to which Defendant is not a party, cannot be considered to have been explicitly relied upon because it is never referenced in Plaintiff's Complaint. Further, Defendant's arguments regarding the explicit and conspicuous nature of the representations made in the Loan Contract create issues more appropriately addressed at the summary judgment stage after discovery, if necessary.

[1] "[C]ourts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment if the documents are 'integral to and explicitly relied on in the complaint,' and 'the plaintiffs do not challenge [the documents'] authenticity." Roberts v. Barnes, No. 1:22cv65, 2023 WL 3656892, at *3 (N.D.W. Va. May 25, 2023) (quoting Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015)).

**B. Plaintiffs' Complaint sufficiently states plausible breach of warranties to survive dismissal under Rule 12(b)(6).**

Relevant to the present motion, Plaintiff's Complaint alleges claims against Defendant including Breach of Warranty of Fitness for a Particular Purpose (Count One) and Breach of Express and Implied Warranties (Count Three). Compl., ECF No. 1 at pp. 5-9.

**1. Count One (Breach of Warranty of Fitness for a Particular Purpose)**

Under West Virginia law, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose." See W. Va. Code § 46-2-315.

Plaintiff's Complaint alleges that Defendant was aware that Plaintiff ran a limestone quarry operation. Compl., ECF No. 1 at ¶30. Plaintiff's Complaint also alleges that it relied on Defendant to use its skill, experience, and knowledge of materials processing equipment and the Plaintiff's limestone quarry operations to select an appropriate rock crusher. Id. at ¶31. Plaintiff further alleges that Defendant represented the ultimately unsuitable Portable Plant cement crusher as suitable for Plaintiff's needs and purposes. Id. at ¶¶32,50.

Defendant argues dismissal of Count One is appropriate because Plaintiff entered into a Loan Contract-Security Agreement (the "Loan Contract") with John Deere Construction & Forestry Company (who is not a party to this suit) to finance the purchase of the equipment at issue in this case. ECF No. 4 at pp. 1-2, Ex. A. The Loan Contract states that Ace "represent[s], warrant[s] and covenant[s]" that "the Equipment was selected by you," "the Equipment has been examined by you," and critically, "the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use." Id. Defendant argues Plaintiff waived any implied warranty of fitness for a particular purpose by making an admission against its interest in the Loan Contract that was explicit and conspicuous enough to exclude or modify any implied warranties. Id. at 5.

In response, Plaintiff argues that Defendant's position is without merit because the language contained in the Loan Contract entered into with a third party, in which the seller is not a party, cannot operate to disclaim or modify warranties created during a commercial sale. ECF No. 8 at pp. 5-7. Plaintiff also argues that in the alternative, the language of the Loan Contract is insufficient to waive any warranties between the buyer and seller. Id. at pp. 7-9. Plaintiff lastly asserts that the language of the Loan Contract was not an effective waiver since "Ace was

not aware that JRE sold them the wrong crusher until after the financing agreement was signed and the Cement Crusher was delivered." Id. at p. 8.

Defendant contends in its reply in further support of its partial motion to dismiss that the Loan Contract must be considered as it is integral to the Complaint. ECF No. 10 at 1. Defendant argues that the Loan Contract is a sufficient writing covered by the UCC to exclude warranties and that the waiver language in this document is sufficiently conspicuous and enforceable. Id. at 2-3.

Here, the Court finds that the Complaint plausibly states a claim for Breach of Warranty of Fitness for a Particular Purpose. Accepting as true the allegations raised in the Complaint, Plaintiff sufficiently pled facts to show that its purchase of the equipment was based on the reliance and expertise of the advice offered to Plaintiff by Defendant. Therefore, Plaintiff pled sufficient facts for the Court to reasonably infer that it could be entitled to relief.

Moreover, Defendant's arguments in support of dismissal rely on outside evidence. These arguments are premature. The Court cannot and will not resolve contests surrounding the merits of claims under Rule 12(b)(6). Defendant will have the opportunity to argue the legality of the contracts and warranties on a developed record following a reasonable opportunity for discovery,

including depositions, answers to interrogatories, and other document production.

**2. Count Three (Breach of Express and Implied Warranties)**

Under the West Virginia Code,

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.
>
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

W. Va. Code § 46-2-313. To establish a breach of express warranty, a plaintiff must "show the existence of an express warranty, breach of the express warranty, and damages proximately caused by the breach." Bishop v. Triumph Motorcycles (Am.) Ltd., No. 3:18-CV-

186, 2021 WL 4316810, at *9 (N.D.W. Va. Sept. 22, 2021), aff'd, No. 21-2113, 2022 WL 17103710 (4th Cir. Nov. 22, 2022)(citation omitted).

West Virginia law provides for two types of implied warranties: (1) the implied warranty of merchantability, and (2) the implied warranty of fitness for a particular purpose. See W. Va. Code §§ 46-2-314, 46-2-315. Defendant's Motion relating to the Implied Warranty of Fitness for a Particular Purpose has been denied for reasons previously discussed and the Plaintiff raises no claims involving the implied warranty of merchantability.

Plaintiff's Complaint alleges that "[p]rior to the sale, JRE represented and warranted that the Cement Crusher would process limestone from Ace's limestone quarry operation and would otherwise be suitable for Ace's needs." Compl., ECF No. 1 at ¶50. Plaintiff's Complaint further alleges that "the Cement Crusher will not process the limestone from Ace's limestone quarry operation as warranted." Id. at ¶52. Plaintiff's Complaint alleges that Defendant has refused to remedy the issue and as a result, Ace has suffered significant damages. Id. at ¶¶53-55.

Defendant argues dismissal of Count Three on the same grounds set forth under Count One. Specifically, Defendant contends that Plaintiff's representations in the Loan Contract are "sufficient

to waive any express warranty relating to the suitability and use of the crusher at issue." ECF No. 4 at P. 7.

Similar to the reasoning set forth in Count One, the Court finds that the Complaint plausibly states its claim of Breach of Express and Implied Warranties. Accepting as true the allegations raised in the Complaint, Plaintiff sufficiently pled facts to show that representations made by the seller relating to the goods had become the basis of the bargain, and that Plaintiff experienced damages caused by Defendant's breach. Therefore, Plaintiff pled sufficient facts for the Court to reasonably infer that it could be entitled to relief.

Moreover, as in Count One, Defendant's arguments in support of dismissal of Count Three rely on outside evidence. These arguments are premature. The Court cannot and will not resolve the relative merits of claims under Rule 12(b)(6). Defendant will have the opportunity to argue the legality of the contracts and warranties on a developed record following a reasonable opportunity for discovery, including depositions, answers to interrogatories, and other document production.

## V. CONCLUSION

For the reasons stated herein, *James River Equipment Virginia, LLC's Partial Motion to Dismiss*[ECF No. 4] is **DENIED.** The parties may file dispositive motions following the completion

of discovery in accordance with the Court's Scheduling Order.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** September 23, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA